Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, Texas 75242
(214) 767-8967

Asher Bublick
for the United States Trustee
asher.bublick@usdoj.gov

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| **In re:** § | CASE NO. | 24-20329-rlj11 |
| §  | | |
| **DAVID VELASQUEZ REALTY LLC,** § | | |
| § | | |
| *Debtor-in-Possession*. § | | |
| § | | |

**UNITED STATES TRUSTEE'S MOTION TO DISMISS WITH PREJUDICE OR, IN THE ALTERNATIVE, CONVERT TO CHAPTER 7 UNDER 11 U.S.C. § 1112(b)**

TO THE HONORABLE ROBERT L. JONES, U.S. BANKRUPTCY JUDGE:

Lisa L. Lambert, the United States Trustee for Region 6 ("**United States Trustee**"), moves to dismiss this case with prejudice for one year, or in the alternative, convert to chapter 7 under 11 U.S.C. §1112(b). In support thereof, the United States Trustee would show:

**SUMMARY**

Cause exists to dismiss this case with prejudice for one year because of Debtor's bad faith behavior committed during the pendency of this case by failing to: (i) provide the United States Trustee with sufficient proof of property and general liability insurance for most of its real properties; (ii) provide the United States Trustee with an initial debtor interview document; (iii) provide the United States Trustee with an entity flowchart or detailed statement that identifies and explains the relationship between all entities that are indirectly or directly affiliated, related, and/or share common ownership with the Debtor; (iv) amend its Schedule G; (v) amend its Statement of

Financial Affairs; and (vi) provide the United States Trustee with closing statements for its pre-petition bank accounts.

Accordingly, this case should be dismissed with prejudice for one year as Debtor has failed to comply with the Court's scheduling order and its administrative requirements. In the alternative, cause exists to convert this case to chapter 7.

## JURISDICTION

This Court has subject matter jurisdiction under 28 U.S.C. § 1334, 28 U.S.C. § 157(a), and the standing order of reference in the Northern District of Texas. A motion to dismiss or convert is a core matter. 28 U.S.C. § 157(b)(2)(A), (O).

1. **FACTUAL AND PROCEDURAL HISTORY**

3. David Velasquez Realty LLC ("**DVR**" or "**Debtor**") filed a voluntary chapter 11 bankruptcy petition on December 2, 2024, electing treatment as a Subchapter V debtor. [ECF No. 1].

4. DVR conducts business as "Key Realty" and offers full-service real estate services for buying and selling homes in the Amarillo and Canyon, Texas area. [ECF No. 31 at ¶ 4].

5. Debtor's schedules reflect the following assets:

   i. Checking account: $708.14

   ii. Office furniture: $2,000.00

   iii. 4210 Hilltop Dr, Amarillo, TX 79108: $185,000.00

   iv. 1921 Karen St, Amarillo, TX 79106: $145,000.00

   v. 3621 Cline Rd, Amarillo, TX 79110: $115,000.00

   vi. 1313 Bell St, Amarillo, TX 79106: $115,000.00

   vii. 3007 Curtis Dr, Amarillo, TX 79109: $147,000.00

viii. 2027 S Lipscomb St, Amarillo, TX 79109: $140,000.00

ix. 1904 S Harrison St, Amarillo, TX 79109: $145,000.00

x. 3709 Harmony St, Amarillo, TX 79109: $215,000.00

xi. 7205 Jameson Rd, Amarillo, TX 79106: $234,000.00

xii. 2002 N Mirror St, Amarillo, TX 79107: $200,000.00

xiii. 2700 S Western St Ste 200, Amarillo, TX 79109: $275,000.00

xiv. 3300 Westlawn St, Amarillo, TX 79102: $154,000.00

xv. 3810 SE 35th Ave, Amarillo, TX 79103: $145,000.00

xvi. 6601 W Interstate Hwy 40 Suite 100, Amarillo, TX 79106: $950,000.00

xvii. Cowden St, Amarillo, TX 79108: $15,000.00

xviii. 321 SW 7th Ave, Amarillo, TX 79101: $625,000.00

[ECF No. 32, Schedule A/B].

6. Debtor listed $2,537,591.72 secured liabilities in its schedules:

   i. Gossett Inc.: $500,000.00 claim

   ii. Happy State Bank: $1,087,591.72 claim

   iii. Starpoint Properties, Ltd.: $720,000.00 claim

   iv. Wilkinson Mortgage Capital: $110,000.00 claim

   v. Wilkinson Mortgage Capital: $120,000.00 claim

   vi. Wilkinson Mortgage Capital: $0 claim

[ECF No. 32, Schedule D].

7. Debtor listed $40,044.75 in priority unsecured claims and $277,175.85 in nonpriority unsecured claims in its schedules.

[ECF No. 32, Schedule E/F].

8. On December 11, 2024, the Court entered the *Scheduling Order and Notice of Status Conference* (the "**Scheduling Order**"). [ECF No. 13].

9. The Scheduling Order notes that "[t]he Debtor must comply with the duties and reporting requirements set forth in § 1187 of the Bankruptcy Code." Scheduling Order ¶ 2.

10. Frances A. Smith was appointed the Subchapter V Trustee on December 12, 2024. [ECF No. 14].

11. David Velasquez ("**Mr. Velasquez**"), as owner of DVR, signed the United States Trustee's *Chapter 11 Administrative Obligations Acknowledgement of Receipt* form on January 3, 2025, acknowledging DVR's obligations as a chapter 11 debtor.

12. On January 3, 2025, the United States Trustee conducted the Initial Debtor Interview ("**IDI**").

13. After the IDI, the United States Trustee sent a follow-up email to Debtor regarding the outstanding administrative items:

   a. Documents

      i. Provide a completed and signed *Chapter 11 Administrative Obligations Acknowledgment of Receipt*

      ii. Provide the following completed IDI documents:

         1. *Information for Initial Debtor Interview*

         2. *Statements Regarding Compliance with 11 USC § 345(b)* form, i.e., the DIP Bank Designation form.

         3. *Direction of Debtor Attorney Concerning U.S. Trustee Contact with Client*, i.e., the McDade Authorization form.

         4. *Group/Pension Information* form

      iii. Provide copies of the last 2 filed tax returns.

      iv. Provide a current rent roll and attach a rent roll to each monthly operating report filed in the future.

**UNITED STATES TRUSTEE'S MOTION TO DISMISS WITH PREJUDICE OR,**
**IN THE ALTERNATIVE, CONVERT TO CHAPTER 7 UNDER 11 U.S.C. § 1112(b)**     **Page 4**

       v. Provide an entity flowchart or detailed statement that identifies and explains the relationship between all entities that are indirectly or directly affiliated, related, and/or share common ownership with the debtor.

  b. <u>Insurance</u>

       i. Provide proof of property and general liability insurance for each of the real properties.

  c. <u>Bank Accounts</u>

       i. Close pre-petition bank accounts and transfer balances to Debtor-in-Possession (DIP) accounts, unless otherwise authorized by court order.[1]

       ii. Provide closing statements for Debtor's pre-petition bank accounts.

       iii. Provide a voided check, bank statement, or other bank document that shows the full bank account number of the DIP account.

  d. <u>Court Documents</u>

       i. Amend schedules and statement of financial affairs to address the issues brought up at the IDI and any other inaccuracies (e.g., adding the property at 6601 I-40 West; remove entities from 25.1 in which Mr. Velasquez personally holds interest).

       ii. Amend schedules G and H to complete information noted as "to be provided."

14. The meeting of creditors (the "**First 341 Meeting**") was commenced on January 10, 2025.

15. At the First 341 Meeting, the Debtor's representative Mr. Velasquez testified that:

       i. Debtor's schedules were inaccurate as several properties listed in its schedules were not owned by the Debtor:

          a. 1814 S Milam St, Amarillo, TX 79109

          b. 1319 S Travis St, Amarillo, TX 79102

          c. 2205 Troveta Dr, Amarillo, TX 79110

---

[1] At the IDI, Mr. Velasquez disclosed his use of personal Venmo and CashApp accounts for the collection of rental payments. The United States Trustee advised Mr. Velasquez to discontinue use of those accounts until Debtor received the Court's permission to do so.

**UNITED STATES TRUSTEE'S MOTION TO DISMISS WITH PREJUDICE OR,**
**IN THE ALTERNATIVE, CONVERT TO CHAPTER 7 UNDER 11 U.S.C. § 1112(b)**            Page 5

        d. 705 Van Buren, Amarillo, TX 79101

*See* [ECF No. 28, Schedule A/B].

    ii. Debtor's schedules were inaccurate as several properties owned by the Debtor were <u>not</u> listed in its schedules:

        a. 3300 Westlawn St, Amarillo, TX 79102

        b. 3810 SE 35th Ave, Amarillo, TX 79103

        c. Cowden St, Amarillo, TX 79108

        d. 321 SW 7th Ave, Amarillo, TX 79101

        e. 6601 W Interstate Hwy 40 Suite 100, Amarillo, TX 79106

    iii. Debtor's schedules were inaccurate as Debtor's executory contracts and unexpired leases were <u>not</u> listed in its schedules.[2]

    iv. Mr. Velasquez has been using the rental proceeds from Debtor's real properties to pay personal expenses both pre-petition and post-petition.

    v. Debtor's statement of financial affairs was inaccurate as:

        a. Debtor did not list payments or transfer to creditors within 90 days before the filing of the case.[3]

        b. Debtor did not list payments or transfer of property within one year before filing this case that benefited any insider.[4]

        c. Debtor did not list all transfers of money of other property within two years before the filing of the case that were not already listed.

16. After instructing the Debtor to address the inaccuracies in the filings and deficiencies in the case as soon as possible, but not later than January 17, 2025, including those noted at the IDI, the United States Trustee continued the First 341 Meeting to January 22, 2025.

---

[2] Debtor noted on Schedule G: "Real Estate Leases Contract to be ASSUMED" and "TO BE PROVIDED." *See* [ECF No. 28, Schedule G].
[3] Debtor checked the box for "None." *See* [ECF No. 28, Statement of Financial Affairs at Question 3].
[4] Debtor checked the box for "None." *See* [ECF No. 28, Statement of Financial Affairs at Question 4].

**UNITED STATES TRUSTEE'S MOTION TO DISMISS WITH PREJUDICE OR,**
**IN THE ALTERNATIVE, CONVERT TO CHAPTER 7 UNDER 11 U.S.C. § 1112(b)**         Page 6

17. The first continued 341 meeting took place on January 22, 2025 (the "**Second 341 Meeting**.").

18. At the Second 341 Meeting, the Debtor's representative Mr. Velasquez testified that:

   i. Debtor's amended statement of financial affairs was inaccurate as Debtor did not list payments or transfer to creditors within 90 days before the filing of the case.[5]

   ii. Debtor's amended schedules were inaccurate as Schedule G did not list all executory contracts and unexpired leases were in its schedules.

   iii. Debtor agreed to resolve all outstanding issues prior to the next continued 341 meeting on February 5, 2025.

19. After instructing the Debtor to address the inaccuracies in the filings and deficiencies in the case as soon as possible, but not later than the next continued meeting, the United States Trustee continued the Second 341 Meeting to February 5, 2025.

20. The second continued 341 meeting was held and concluded on February 5, 2025 (the "**Third 341 Meeting**.").

21. At the Third 341 Meeting, the United States Trustee advised the Debtor that the United States Trustee will seek dismissal/conversion as Debtor had failed to:

   a. Documents

      i. Provide a completed and signed *Chapter 11 Administrative Obligations Acknowledgment of Receipt*

      ii. Provide the following completed IDI documents:

         1. *Information for Initial Debtor Interview*

         2. *Statements Regarding Compliance with 11 USC § 345(b)* form, i.e., the DIP Bank Designation form.

---

[5] Debtor noted on amended SOFA: "TO BE PROVIDED." *See* [ECF No. 33, Statement of Financial Affairs at Question 3].

**UNITED STATES TRUSTEE'S MOTION TO DISMISS WITH PREJUDICE OR,
IN THE ALTERNATIVE, CONVERT TO CHAPTER 7 UNDER 11 U.S.C. § 1112(b)**   Page 7

3. *Direction of Debtor Attorney Concerning U.S. Trustee Contact with Client*, i.e., the McDade Authorization form.

4. *Group/Pension Information* form

iii. Provide copies of the last 2 filed tax returns.

iv. Provide a current rent roll and attach a rent roll to each monthly operating report filed in the future.

v. Provide an entity flowchart or detailed statement that identifies and explains the relationship between all entities that are indirectly or directly affiliated, related, and/or share common ownership with the debtor.

b. <u>Insurance</u>

i. Provide proof of property and general liability insurance for each of the real properties.[6]

ii. Provide an explanation or proof of increased coverage for the following properties:

| Sch Ref | Am Sch | Location | Sch A Value | Land Value | Coverage | Shortfall |
|---|---|---|---|---|---|---|
| 55.3 | 55.2 | 1921 Karen | $ 145,000 | $ 10,005 | $ 126,500 | $ 8,495 |
| 55.5 | 55.3 | 3621 Cline | $ 115,000 | $ 6,188 | $ 93,480 | $ 15,332 |
| 55.6 | 55.4 | 1313 Bell | $ 115,000 | $ 7,905 | $ 101,935 | $ 5,160 |
| 55.7 | 55.5 | 3007 Curtis | $ 147,000 | Unknown | $ 135,375 | $ 11,625 |
| 55.8 | 55.6 | 2027 S. Lipscomb | $ 140,000 | $ 9,900 | $ 100,510 | $ 29,590 |
| 55.11 | 55.8 | 3709 Harmony | $ 215,000 | $ 15,251 | $ 151,905 | $ 47,844 |
| 55.12 | 55.9 | 7205 Jameson | $ 234,000 | $ 26,136 | $ 183,920 | $ 23,944 |
| 55.14 | 55.11 | 2700 S. Western Suite 200 | $ 275,000 | Unknown | $ 200,000 | $ 75,000 |

c. <u>Bank Accounts</u>

i. Close pre-petition bank accounts and transfer balances to Debtor-in-Possession (DIP) accounts, unless otherwise authorized by court order.

ii. Provide closing statements for Debtor's pre-petition bank accounts.

iii. Provide a voided check, bank statement, or other bank document that shows the full bank account number of the DIP account.

---

[6] The United States Trustee only received sufficient proof of insurance for 6601 I-40 West and 321 SW 7th Avenue.

d. Operating Reports

   i. File the first monthly operating report ("**MOR**") for the period of 12/02/24 through 12/31/24 (due 01/21/25).[7]

**Administrative Obligations**

22. DVR is not current with its administrative obligations.

23. As of this filing, DVR has failed to:

   i. Provide a completed *Direction of Debtor Attorney Concerning U.S. Trustee Contact with Client*, i.e., the McDade Authorization form.

   ii. Provide an entity flowchart or detailed statement that identifies and explains the relationship between all entities that are indirectly or directly affiliated, related, and/or share common ownership with the Debtor.[8]

   iii. Provide sufficient proof of property and general liability insurance for the following real properties:

      1. 4210 Hilltop Dr, Amarillo, TX 79108
      2. 1921 Karen St, Amarillo, TX 79106
      3. 3621 Cline Rd, Amarillo, TX 79110
      4. 1313 Bell St, Amarillo, TX 79106
      5. 3007 Curtis Dr, Amarillo, TX 79109
      6. 2027 S Lipscomb St, Amarillo, TX 79109
      7. 1904 S Harrison St, Amarillo, TX 79109
      8. 3709 Harmony St, Amarillo, TX 79109
      9. 7205 Jameson Rd, Amarillo, TX 79106
      10. 2002 N Mirror St, Amarillo, TX 79107
      11. 2700 S Western St Ste 200, Amarillo, TX 79109

---

[7] Debtor ultimately filed its past due December 2024 MOR on February 5, 2025. *See* [ECF No. 42].
[8] The document Debtor provided to the United States Trustee is incomplete and does not list any of the entities discussed at the IDI that share common ownership with Debtor.

12. 3300 Westlawn St, Amarillo, TX 79102

13. 3810 SE 35th Ave, Amarillo, TX 79103

14. Cowden St, Amarillo, TX 79108

    iv. Provide an explanation or proof of increased coverage for properties that were previously identified.

    v. Provide closing statements for Debtor's pre-petition bank accounts.

    vi. Amend Schedule G and statement of financial affairs as requested at the Second 341 Meeting.

## 24. LEGAL ANALYSIS

### A. *General discussion of burdens when dismissal or conversion is sought:*

25.    Section 1112(b) of the Bankruptcy Code provides that, "[e]xcept as provided in . . . subsection (c) . . . the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause. . . ." 11 U.S.C. § 1112(b)(1). Under § 1112(c), a court cannot convert a case to chapter 7 if the debtor is a non-profit corporation, but a court must still dismiss the case if cause is established. *Id.* § 1112(c).

26.    Section 1112(b) places the initial burden of establishing "cause" on the movant. *Id.*; *see also In re Briggs-Cockerham, L.L.C.*, No. 10-34222-BHJ-11, 2010 WL 4866874 at *4 (Bankr. N.D. Tex. Nov. 23, 2010). If cause is established, the burden shifts to the debtor to prove that he or she falls within the §1112(b)(2) "unusual circumstances" exception to § 1112(b)(1)'s mandatory conversion. 11 U.S.C. § 1112(b)(2).

## B. *Subchapter V debtors – generally:*

27. Subchapter V debtors are subject to a more streamlined chapter 11 process. For example, chapter 11 small business debtors are not required to pay United States Trustee fees or file a separate disclosure statement.

28. Under section 1189(a), only the Subchapter V debtor may file a plan. 11 U.S.C. § 1189(a). Section 1189(b) provides that a Subchapter V debtor "shall file a plan not later than 90 days after the order for relief under this chapter." 11 U.S.C. § 1189(b). The Court may extend that deadline "if the need for the extension is attributable to circumstances for which the debtor should not justly be held accountable." *Id*.

29. "[S]ubchapter V bankruptcy provides 'some powerful and cost-saving restructuring tools not otherwise available to Chapter 11 debtor'—*e.g.*, elimination of the absolute priority rule; elimination of the requirement to file a disclosure statement; the exclusive right to file a plan; the ability to confirm a plan even if all classes reject it; and the ability to pay administrative expenses over time." *In re Vital Pharms., Inc.*, 651 B.R. 847, 853 (Bankr. S.D. Fla. 2023) (quoting *In re Seven Stars on the Hudson Corp.*, 618 B.R. 333, 340 (Bankr. S.D. Fla. 2020).

30. "Those restructuring tools, however, came with a tradeoff." *In re Vital Pharms., Inc.*, 651 B.R. 847, 853 (Bankr. S.D. Fla. 2023). "[T]o balance the special new powers available to small business debtors, Congress granted creditors a very important protection: the requirement that a Subchapter V case proceed expeditiously." *Id.* (quoting *In re Seven Stars on the Hudson Corp.*, 618 B.R. 333, 340 (Bankr. S.D. Fla. 2020). "To that end, Congress requires subchapter V debtors to file their chapter 11 plan within 90 days of the order for relief." *Id.* (citing 11 U.S.C. § 1189(b). "Congress certainly did contemplate a Subchapter V debtor needing additional time to file a plan (and to conduct the status conference), but set a high standard for a court to grant that

request: "circumstances for which the debtor should not justly be held accountable." *In re Seven Stars on the Hudson Corp.*, 618 B.R. 333, 346 (Bankr. S.D. Fla. 2020)

C. *Cause exists to dismiss because DVR has failed to comply with the Court's Scheduling Order*

31. Cause exits for dismissal when a debtor fails to comply with an order of the Court. 11 U.S.C. § 1112(b)(4)(E).

32. "Subchapter V is intended to be an expedited process. The debtor has the opportunity to use new, powerful tools to reorganize and save its business; but it must do so quickly." *In re Seven Stars on the Hudson Corp.*, 618 B.R. 333, 347 (Bankr. S.D. Fla. 2020)

33. DVR was ordered by the Court to "comply with the duties and reporting requirements set forth in § 1187 of the Bankruptcy Code." Scheduling Order ¶ 2.

34. Under 11 U.S.C. § 1187(b), subchapter V debtors are generally required to comply with the reporting obligations set out in 11 U.S.C. § 308 and paragraphs (2), (3), (4), (5), (6), and (7) of 11 U.S.C. § 1116, which includes timely filing all schedules and statements of financial affairs, maintaining insurance customary and appropriate to the industry, and filing all post-petition financial and other reports required by the Federal Rules of Bankruptcy Procedure or by local rule of the district court.

35. As of this filing, Debtor has failed to provide the United States Trustee with sufficient proof insurance for most of its real properties.

36. Cause exists to dismiss this case for DVR's violation of the Court's Scheduling Order.

D. *Cause exists to dismiss this case because Debtor has failed to cooperate with the United States Trustee*

37. Cause exists for dismissal when a debtor fails to file required documents, fails to maintain appropriate insurance that poses a risk to the estate, or fails to provide information reasonably requested by the United States Trustee. 11 U.S.C. § 1112(b)(4)(C), (F), (H).

38. Local Bankruptcy Rule 2020-1 provides:

> The United States Trustee may from time to time publish and file with the Bankruptcy Clerk guidelines on matters such as insurance, operating reports, bank accounts and money of estates and other subjects pertaining to the administration of chapter 11 cases. Failure to comply with the requirements of these guidelines may constitute cause justifying the appointment of a trustee, or dismissal or conversion of the case pursuant to 11 U.S.C. § 1112(b).

39. The United States Trustee's *Guidelines for Chapter 11 Cases* in the Northern & Eastern Districts of Texas - Region 6 require debtors to file monthly operating reports and provide various documents to the United States Trustee, including proof of insurance coverage. *See* U.S. Dep't of Just., Guidelines for Chapter 11 Cases: Operating Instructions and Reporting Requirements (the "**Guidelines**"), https://www.justice.gov/usdoj-media/ust/media/1337916/dl?inline (Feb. 8, 2024) at §§ VI, VII, XII.

   a. **Failure to maintain adequate insurance**

40. Cause exists for dismissal when a debtor fails "to maintain appropriate insurance that poses a risk either to the estate or to the public." 11 U.S.C. § 1112(b)(4)(C). The Supreme Court has held that the estate may be liable for any damages resulting from negligence. *Reading Co. v. Brown,* 391 U.S. 471, 481 (1968). While *Reading Co. v. Brown* was decided under the old Bankruptcy Act, the Fifth Circuit has more recently cited to this case to support the principle that the estate may be liable for administrative costs incurred through a trustee's failure to act. *See,*

*e.g., Texas v. Lowe (In re HLS Energy Co.)*, 151 F.3d 434 (5th Cir. 1998) (bankruptcy estate liable for costs state incurred when trustee did not plug wells).

41. As of the time of this filing, Debtor has failed to provide the United States Trustee with sufficient proof of insurance for most of its real properties.

42. The Guidelines require debtors to "maintain and provide the United States Trustee with sufficient proof of adequate insurance that protects both the assets of the estate and the public during the pendency of the case." Guidelines at § VII. "What is deemed adequate will depend upon the facts and circumstances of each case, but typically at least property insurance for all tangible assets . . . and general liability insurance will be required. *Id.*

43. Cause exists to dismiss this case because Debtor has not provided proof of sufficient insurance coverage to the United States Trustee for its real properties.

   b. **Failure to provide information reasonably requested by the United States Trustee.**

44. Cause exists for dismissal when a debtor fails to timely to provide information or attend meetings reasonably requested by the United States Trustee. 11 U.S.C. § 1112(b)(4)(H).

45. The United States Trustee requested at the IDI, the First 341 Meeting, the Second 341, and the Third 341 Meeting that Debtor address its outstanding administrative obligations.

46. As of this filing, Debtor has failed to:

   i. Provide a completed *Direction of Debtor Attorney Concerning U.S. Trustee Contact with Client*, i.e., the McDade Authorization form

   ii. Provide an entity flowchart or detailed statement that identifies and explains the relationship between all entities that are indirectly or directly affiliated, related, and/or share common ownership with the debtor.

   iii. Provide an explanation or proof of increased insurance coverage for properties that were previously identified.

   iv. Provide closing statements for Debtor's pre-petition bank accounts.

    v. Amend Schedule G and statement of financial affairs as requested at the Second 341 Meeting.

  47. Cause exists to dismiss this case because Debtor has failed to provide information reasonably requested by the United States Trustee.

### E. *Cause exists to dismiss this case with prejudice for one year because of Debtor's post-petition bad faith conduct*

  48. "The Fifth Circuit has provided that '[e]very bankruptcy statute since 1898 has incorporated literally, or by judicial interpretation, a standard of good faith for the commencement, prosecution, and confirmation of bankruptcy proceedings.'" *In re M.A.R. Designs & Constr., Inc.*, 653 B.R. 843, 864 (Bankr. S.D. Tex. 2023) (quoting *In re Little Creek Dev. Co.*, 779 F.2d 1068, 1071 (5th Cir. 1986)). "The implicit good faith requirement 'prevents abuse of the bankruptcy process by debtors whose overriding motive is to delay creditors without benefitting them in any way or to achieve reprehensible purposes.'" *M.A.R. Designs*, 653 B.R. at 864 (quoting *Little Creek*, 779 F.2d at 1071-72). "Lack of good faith findings are typically 'predicated on certain recurring but non-exclusive patterns, and they are based on a conglomerate of factors rather than any single datum.'" *M.A.R. Designs*, 653 B.R. at 864 (quoting *Little Creek*, 779 F.2d at 1072). "Thus, courts should employ a totality of the circumstances approach when considering a lack of good faith." *Id.* (citing *Little Creek*, 779 F.2d at 1072). "Bad-faith conduct can include prepetition bad-faith conduct, post-petition bad faith conduct, or petitions that serve no legitimate bankruptcy purpose." *M.A.R. Designs*, 653 B.R. at 865 (citing *Krueger v. Torres (In re Krueger)*, 812 F.3d 365, 370 (5th Cir. 2016).

  49. This subchapter V case has been pending for over two months and Debtor has failed to comply with its administrative obligations for the reasons discussed *supra*.

  50. It is not the job of the United States Trustee to cajole, remind, and repeatedly

request that a Debtor comply with the requirements of chapter 11. It is the Debtor's duty to comply.

51. Debtor's failure to comply with its obligations reflects a lack of good faith in the prosecution of this case.

52. Accordingly, the United States Trustee requests that the Court dismiss this case with prejudice to refiling for one year as a sanction for abuse of the bankruptcy process.

*In the alternative, this case should be converted to chapter 7*

53. If the Court determines that dismissal is not in the best interests of creditors or the estate, then this case should be converted to chapter 7. *See* 11 U.S.C. § 1112(b)(1).

## CONCLUSION

Wherefore, the United States Trustee respectfully requests that the Court enter an order dismissing this case with prejudice for one year. In the alternative, the United States Trustee respectfully requests that the Court convert this case to chapter 7. The United States Trustee also requests any other relief to which she may be entitled.

Dated: February 7, 2025

Respectfully submitted,

LISA L. LAMBERT
UNITED STATES TRUSTEE

*/s/ Asher M. Bublick*
Asher M. Bublick
Texas State Bar No. 24113629
Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, Texas 75242
(214) 767-8967
asher.bublick@usdoj.gov

## CERTIFICATE OF CONFERENCE

I certify that on February 5, 2025, that I conferred with Debtor's counsel, Joyce Lindauer, regarding the relief sought herein. Ms. Lindauer expressed that Debtor is opposed.

*/s/ Asher M. Bublick*
Asher M. Bublick

## CERTIFICATE OF SERVICE

I certify that on February 7, 2025, that I sent a copy of the forgoing document via ECF and via first class United States mail to the following and the attached service list:

*/s/ Asher M. Bublick*
Asher M. Bublick

Richard J. Wallace, III
Scheef & Stone, L.L.P.
500 North Akard, Lincoln Plaza, Suite 2700
Dallas, TX 75201

Reuben L. Hancock
Reuben L. Hancock, P.C.
7480 Golden Pond Pl., Ste 200
Amarillo, TX 79121

Richard L. Hanna
Lynch, Hanna & Boyd, PLLC
500 S. Taylor, LB 222, Suite 501
Amarillo, TX 79101

Alysia Cordova
Perdue, Brandon, Fielder, et al
P.O. Box 9132
Amarillo, TX 79105

C. Jared Knight
Morgan Williamson LLP
701 S. Taylor St, Suite 324
Amarillo, TX 79101

Richard Biggs
Mullin Hoard Brown
500 S. Taylor, Ste 800, Amarillo
Amarillo, TX 79101

C. Jared Knight
Morgan Williamson LLP
701 S. Taylor St, Suite 324
Amarillo, TX 79101

Joyce W. Lindauer
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, TX 75202

Frances A. Smith
Ross, Smith & Binford, P.C.
700 N. Pearl Street, Ste 1610
Dallas, TX 75201

```
Label Matrix for local noticing            CENTENNIAL BANK, an Arkansas Bank, d/b/a HAP    David Velasquez Realty LLC
0539-2                                     c/o                                              6601 I-40 West
Case 24-20329-rlj11                        Reuben L. Hancock, P.C.                          Suite 100
Northern District of Texas                 7480 Golden Pond Pl., Ste 200                    Amarillo, TX 79106-2651
Amarillo                                   Amarillo, TX 79121-1964
Fri Feb  7 13:26:32 CST 2025

Olsen Plaza Owner's Association            Robert N. Wilkinson, Jr. Money Purchase Pens    306 Federal Building
2700 S. Western, Suite 600                 co C. Jared Knight                               1205 Texas Avenue
Amarillo, TX 79109-1545                    701 S Taylor, Ste 324                            Lubbock, TX 79401-4037
                                           Amarillo, TX 79101-2417


American Express                           American Express National Bank                   American State Bank
PO Box 650448                              c/o Becket and Lee LLP                           Attn: Joe Denman, VP Commercial Lender
Dallas, Texas 75265-0448                   PO Box 3001                                      5202 Old Jacksonville Hwy.
                                           Malvern  PA 19355-0701                           Tyler, TX 75703-3376


Attorney General of Texas                  CENTENNIAL BANK                                  (p)TEXAS COMPTROLLER OF PUBLIC ACCOUNTS
Bankruptcy Division                        D/B/A HAPPY STATE BANK                           REVENUE ACCOUNTING DIV - BANKRUPTCY SECTION
P O Box 12548                              C/O REUBEN HANCOCK                               PO BOX 13528
Austin, TX 78711-2548                      7480 GOLDEN POND PL., #200                       AUSTIN TX 78711-3528
                                           AMARILLO, TX 79121-1964


Gossett Inc.                               Gossetts, Inc.                                   Happy State Bank
4528 West Vickery Blvd.                    PO BOX 76185-1113                                Attn: Nathan Allison
Fort Worth, TX 76107-6261                  Ft. Worth, Texas 76185                           3423 Soncy Rd.
                                                                                            Amarillo, TX 79119-4982


Internal Revenue Service                   Internal Revenue Service                         Potter County Tax Assessor/Collector
Centralized Insolvency Operations          Mail Code DAL-5020                               PO Box 2289
PO Box 7346                                1100 Commerce Street                             Amarillo, TX 79105-2289
Philadelphia, PA 19101-7346                Dallas, TX 75242-1100


Sherwin Williams                           Starpoint Properties, Ltd.                       Taxing Districts Collected by Potter County
4207 W. Interstate 40                      Attn: Karla Hatcher                              %PBFCM
Amarillo, TX 79106-6013                    PO Box 8906                                      PO BOX 9132
                                           Amarillo, TX 79114-8906                          Amarillo, TX 79105-9132


Taxing Districts Collected by Randall County   U.S. Trustee's Office                        US Attny. General
%PBFCM                                         1100 Commerce Street                         10th and Constitution Ave.,NW
PO BOX 9132                                    Room 976                                     Main Justice Bldg. Rm. 5111
Amarillo, TX 79105-9132                        Dallas, TX 75242-1011                        Washington, DC 20530-0001


United States Trustee                      Wilkinson Mortgage Capital                       Frances A. Smith (SBRA V)
1100 Commerce Street                       701 S. Taylor St., Suite 360                     Ross & Smith, PC
Room 976                                   Amarillo, TX 79101-2406                          700 N Pearl St, Suite 1610
Dallas, TX 75242-0996                                                                       Dallas, TX 75201-7459


(p)JOYCE W  LINDAUER ATTORNEY  PLLC        c/o Jared Knight Starpoint Properties, LTD      c/o Richard Wallace American State Bank
1412 MAIN STREET                           701 S Taylor, Ste. 324                           Scheef & Stone LLP
SUITE 500                                  Amarillo, TX 79101-2417                          500 N. Akard, Ste. 2700
DALLAS TX 75202-4042                                                                        Dallas, TX 75201-3306
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Comptroller of Public Accounts<br>Revenue Accounting Division<br>Bankruptcy Section<br>PO Box 13528<br>Austin, TX 78711-0000 | Joyce W Lindauer<br>1412 Main Street Suite 500<br>Dallas, TX 75202 | (d)Joyce W. Lindauer<br>Joyce W. Lindauer Attorney, PLLC<br>1412 Main Street<br>Suite 500<br>Dallas, TX 75202 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Gossetts, Inc. | (u)Potter County Tax Office | (u)Randall County Tax Office |

| | |
|---|---|
| (d)Olsen Plaza Owner's Association<br>2700 S. Western, Suite 600<br>Amarillo, TX 79109-1545 | End of Label Matrix<br>Mailable recipients   29<br>Bypassed recipients    4<br>Total                 33 |